IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN D'WAYNE LACY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-1982-O-BN |
| | § | |
| JOSY DOMNGUEZ and | § | |
| PRIDESTAFF, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. Defendants have filed a joint Motion to Dismiss [Dkt. No. 14] pursuant to Federal Rules of Civil Procedure 12(b)(1) & 12(b)(6). For the reasons stated herein, Defendants' motion should be DENIED in part, as moot, and GRANTED in part.

**Background**

This is an employment discrimination case brought under the Texas Commission on Human Rights Act ("TCHRA"), Chapter 21 of the Tex. Lab. Code Ann. § 21.001, *et seq.* (Vernon 2006), by Plaintiff Kevin D'Wayne Lacy, a citizen of Texas, against Defendants PrideStaff, Inc. ("PrideStaff"), a California corporation with its principal place of business in Fresno, California, and Josy Dominguez ("Dominguez"), a PrideStaff employee and citizen of Texas. Plaintiff originally filed suit in state court

alleging that Defendants discriminated against him on the basis of his race when they failed or refused to hire him in or around April 2012. PrideStaff timely removed the case to federal court on the basis of diversity jurisdiction asserting that Dominguez was improperly joined as a party because Plaintiff has no viable cause of action against her in her individual capacity. *See* Dkt. No. 1 at 2-3.[1]

Defendants then filed separate motions to dismiss [Dkt. Nos. 8 & 11], which the Court denied without prejudice in connection with granting Plaintiff an opportunity to amend his pleadings.[2] *See* Orders dated 6/29/12 & 7/6/12 [Dkt. Nos. 10 & 12]. After Plaintiff filed an amended complaint, Defendants filed the instant joint motion to dismiss Plaintiff's claims under Rule 12(b)(1) for failure to exhaust administrative remedies under the TCHRA and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *See* Dkt. No. 14. Plaintiff was ordered to file a response to the motion by August 17, 2012, *see* Order dated 7/18/12 [Dkt. No. 15], but failed to do so. Instead, on August 17, Plaintiff filed a second amended complaint [Dkt. No. 19], which the Court struck from the record because Plaintiff had already amended his complaint once and had not obtained leave of Court or the written consent of Defendants to file another amended complaint. Order dated 8/24/12 [Dkt. No. 20]. To

---

[1] PrideStaff uses the term "fraudulently joined" in its notice of removal. The Fifth Circuit, however, has replaced the term "fraudulent joinder" with the term "improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n. 1 (5th Cir. 2004) (en banc) ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.").

[2] United States Magistrate Judge Jeff Kaplan entered the prior orders denying without prejudice Defendants' separate motions to dismiss. Effective November 21, 2012, this civil case was reassigned to the undersigned United States Magistrate Judge David L. Horan pursuant to Special Order 3-290.

the extent Plaintiff intended his second amended complaint to serve as his written response to the motion to dismiss, the Court extended to August 31 the deadline to refile the pleading as a response. *See id*. However, Plaintiff never refiled his pleading.[3] The court therefore considers the motion without the benefit of a response.

## Legal Standards and Analysis

<u>Improper Joinder of Josy Dominguez</u>

Before proceeding to the arguments raised by Defendants' motion to dismiss, the Court must determine whether Dominguez should be disregarded as an improperly joined defendant for purposes of diversity jurisdiction. A defendant alleging improper joinder has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (describing the "heavy burden" on the party asserting improper joinder and noting that, "until the removing party [proves the joinder was improper], the court does not have the authority to do more" and "lacks the jurisdiction to dismiss the case on its merits"). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be

---

[3] Almost one month after his response was due, Plaintiff filed a "Motion for Amended Pleadings," which the Court, by separate Order, has denied as unnecessary because the motion is identical to the amended complaint that is the live pleading in this case. *Compare* Am. Compl. [Dkt. No. 13] *with* Plf. Mot. for Amended Pleadings [Dkt. No. 27].

able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. Ordinarily, the court must conduct a Rule 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary injury." *Id.* But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.

No summary inquiry is required in this case, because it is apparent on the face of the complaint that Plaintiff's TCHRA claim against Dominguez fails as a matter of law. By its express terms, the TCHRA only authorizes actions against an employer. *See* TEX. LAB. CODE § 21.051 (Vernon 2006); *City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex. App. – Austin 1992, no writ). Consequently, Texas state and federal courts have uniformly denied recovery for TCHRA claims against individual supervisors and fellow employees. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Martin v. Kroger Co.*, 224 F.3d 765 (Table), 2000 WL 992237, at *3 (5th Cir. Jun. 23, 2000); *Thompson v. City of Arlington*, 838 F. Supp. 1137, 1153 (N.D. Tex. 1993); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App. – Waco 2000, pet. denied); *Gifford*, 824 S.W.2d at 742. It is undisputed that Dominguez is an employee of PrideStaff. Accordingly, Plaintiff has no reasonable basis for recovering on his TCHRA

claim against Dominguez, and her citizenship must be disregarded for jurisdictional purposes.

Dominguez should be dismissed from this lawsuit, and Defendants' Motion to Dismiss [Dkt. No. 14] should be denied as moot with respect to Plaintiff's claims against her. *Moreno Energy, Inc. v. Marathon Oil Co.*, No. H-11-4518, 2012 WL 3205618, at *8 (S.D. Tex. Aug. 3, 2012) (where non-diverse party found to be improperly joined, defendant is dismissed, and any motion made by it is moot); *Adams v. Chase Bank*, No. 3:11-CV-3085-M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. Jun. 12, 2012) (same).

### Alleged Failure to Exhaust Administrative Remedies

Plaintiff's remaining claim against Pridestaff should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust his administrative remedies. The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981); *Paterson*, 644 F.2d at 523. Ultimately, the Court will grant a motion to dismiss "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010; *see also Hinds v. Roper*, No. 3:07-CV-0035-B, 2007 WL 3132277, at *2 (N.D. Tex. Oct. 25, 2007).

Before suing an employer under the TCHRA, an aggrieved employee must first exhaust his administrative remedies by filing a complaint with the Texas Workforce Commission ("TWC") "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE ANN. § 21.202(a) (West 2006); *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010). This 180-day time limit is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*,

933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 487-88.[4] That is, a plaintiff's failure to file a complaint within the 180-day period is a failure to exhaust administrative remedies that deprives the court of subject matter jurisdiction. *Lamar Univ. v. Jordan*, No. 09-10-00292-CV, 2011 WL 550089, at *2 (Tex. App. – Beaumont Feb. 17, 2011, no pet.) (citing *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App. – Dallas 2007, no pet.)). Because Section 21.202(a) is "mandatory and jurisdictional," the burden of establishing compliance with the statute is on Plaintiff. *See, e.g., Sanchez v. Kennedy*, 202 S.W.3d 857, 859 (Tex. App. – Corpus Christi 2006, no pet.) ("The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction." (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

Plaintiff's complaint in this case wholly fails to allege that he ever filed a

---

[4] In *In re United Services Automobile Ass'n*, the Texas Supreme Court held that the two-year statute of limitations for filing suit in an employment-discrimination action, Tex. Lab. Code Ann. § 21.256 (West 2006), is not a jurisdictional prerequisite to suit. *USAA*, 307 S.W.3d at 310. But the court did not address whether the 180-day deadline imposed by Section 21.202 for filing an administrative complaint is similarly non-jurisdictional. Since *USAA* was decided, Texas Courts of Appeals have continued to hold that Section 21.202 imposes a jurisdictional prerequisite to filing suit. *See, e.g., Forge v. Nueces Cnty.*, 350 S.W.3d 740, 746 (Tex. App. – Corpus Christi 2011, no pet.) (noting that timely filing of administrative complaint under § 21.202 is "mandatory and jurisdictional" prerequisite to filing suit); *Sw. Bell Tel., L.P. v. Edwards*, No. 05-09-0606-CV, 2011 WL 3672288, at *6 (Tex. App. – Dallas Aug. 23, 2011, no pet.) (mem. op.) (concluding that court lacked subject matter jurisdiction where plaintiff failed to file complaint with TWC); *Tex. Youth Comm'n v. Garza*, No. 13-11-091-CV, 2011 WL 2937431, at *3 n. 1 (Tex. App. – Corpus Christi July 21, 2011, no pet.) (mem. op.) (joining three other Texas courts of appeals in holding that, even after *USAA*, "jurisdiction is still implicated by the plaintiff's compliance or non-compliance with section 21.201" (collecting cases)); *Lueck v. State*, 325 S.W.3d 752, 759-767 (Tex. App. – Austin 2010, pet. denied) (holding that "unless and until the supreme court departs from its view in *Schroeder* that the [TCHRA] requires exhaustion of remedies, we will continue to treat the 180-day filing requirement as 'mandatory and jurisdictional'" (citations and some internal quotation marks omitted)).

complaint with the TWC. Although Plaintiff conclusorily asserts in a footnote to a status report that he "has filed the necessary documents with the Texas Workplace Commission regarding the allegations against the Defendants," Dkt. No. 17 at 1 n.1, this assertion does not salvage Plaintiff's claim. Unlike, for example, responses to a magistrate judge's questionnaire, Plaintiff's statement was not made under oath, and, under all the circumstances here, it cannot be considered part of his complaint.[5] To the extent Plaintiff attempted to make a similar allegation in his second amended complaint, that document was unfiled. *See* Order dated 8/24/12. Plaintiff never sought leave to amend his complaint to allege that he complied with the jurisdictional requirement of filing a complaint with the TWC and failed to respond to the Court's invitation to otherwise properly raise this assertion. Indeed, Plaintiff filed a Motion for Amended Pleadings after his second amended complaint was unfiled, but, while Plaintiff's status report [Dkt. No. 17] is attached as an exhibit to that motion, Plaintiff's motion itself does not address any filing with the TWC and does not explain why the status report is included as an exhibit. *See* Dkt. No. 27.

As a *pro se* litigant, Plaintiff is "entitled to special accommodation by the judiciary," but *pro se* litigants are not exempt from complying with the relevant rules

---

[5] Even in a complaint, however, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *accord Morgan v. Texas*, 251 F. App'x 894, 895 n.1 (5th Cir. 2007) ("While we are to construe pro se pleadings liberally, conclusory allegations or legal conclusions masquerading as factual conclusions are not sufficient to prevent dismissal."). Plaintiff's statement – which is unaccompanied by any factual allegations regarding any documents he asserts that he filed with the TWC – would fail this standard even if it were properly alleged in a live pleading.

of procedure and substantive law and are not entitled to limitless chances to amend their pleadings. *Castro Romero v. Becken*, 256 F.3d 349, 353 (5th Cir. 2001) ("Here, the district court noted that Castro had been given several opportunities to clarify or amend his claims. Castro's response to the various motions to dismiss or for a more definite statement was that his complaint needed no further allegations. The district court was therefore not in error in evaluating Castro's pro se complaint under Rule 12(b)(6)."); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."). The Court cannot construe, even on the most liberal reading, any of Plaintiff's filings as a pleading alleging – or a proper request to file a pleading alleging – that he ever filed a complaint with the TWC. *Compare Laws v. Sheriff of Harris Cnty.*, No. 01-20744, 45 F. App'x 318, 2002 WL 1860372, at *1-*2 (5th Cir. Jun. 18, 2002) (noting that the court was obligated to construe a *pro se* litigant's pleadings liberally but that the litigant never filed a motion to amend his complaint and that, under the circumstances, the court could not possibly construe a motion for reconsideration as a motion to amend his complaint)

Because there is no verified allegation that Plaintiff's claim was filed with the TWC, the Court lacks jurisdiction over his TCHRA claims against PrideStaff. These claims should be dismissed without prejudice.

### Recommendation

Defendant Josy Dominguez should be dismissed from this lawsuit as an improperly joined defendant, and Defendants' Motion to Dismiss [Dkt. No. 14] should

be DENIED as moot with respect Plaintiff's claims against Dominguez. Defendants' motion [Dkt. No. 14] should be GRANTED in all other respects, and Plaintiff's claims against Defendant PrideStaff, Inc. should be DISMISSED without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 31, 2012

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE