IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN D'WAYNE LACY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-cv-1982-O |
| JOSY DOMINGUEZ and PRIDESTAFF, INC., | § § § § | |
| Defendants. | § § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case recommending that the Defendants' Motion to Dismiss be to granted in part and denied in part, as moot. FCR, ECF No. 41. The Magistrate Judge first recommends dismissing Defendant Dominguez from the lawsuit for improper joinder and denying Defendants Motions to Dismiss as moot with respect to Plaintiff's Claims against her. *Id.* at 5. The Magistrate just also recommends granting Defendants' Motion to Dismiss under 12(b)(1) for failure to exhaust administrative remedies with the Texas Workforce Commission ("TWC") before suing an employer under the Texas Commission on Human Rights Act ("TCHRA"). *Id.* at 9. The Magistrate Judge found that Plaintiff's complaint fails to allege that he ever filed a complaint with the TWC and that "[t]he Court cannot construe, even on the most liberal reading, any of Plaintiff's filings as a pleading alleging—or a proper request to file a pleading alleging—that he ever filed a complaint with the TWC." *Id.* (citing *Laws v. Sheriff of Harris Cnty.*, No. 01-20744, 45 F. App'x 318, 2002 WL 1860372, at *1–2 (5th Cir. June 18, 2002)).

Plaintiff has since filed a document entitled "Discovery Report" (ECF No. 42) and a transcript of the Oral and Videotaped Deposition of Kevin D'Wayne Lacy (ECF No. 44), which the Court construes as an Objection and a Brief in Support of Objection, respectively. There is only one relevant statement in either of these documents, stating "[t]he plaintiff has reported the incident of racial discrimination to the Texas Workforce Commission on the date of May 17, 2012 for the discrimination that occurred." Objection at 7, ECF No. 42. Similar to the Magistrate Judge's findings, the Court cannot construe this one sentence as a pleading alleging that he filed a complaint with the TWC. *See Laws*, 2002 WL 1860372.

The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. By separate judgment, the Court formally dismisses this action.

**SO ORDERED** on this **13th day of February, 2013.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

2